RYDER ◆ MAZZEO ◆ KONIECZNY LLC
INTELLECTUAL PROPERTY LAW

September 2, 2019

Hon. Louis L. Stanton                                           *Via ECF*
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY  10007-1312

> Re:   *CAA Industries, Ltd. et al. v. ME Technology, Inc.*
>        Civil Action No.: 19-CV-6982-LLS

Your Honor:

I write on behalf of plaintiffs Command Arms Accessories, LLC ("CAA, LLC") and CAA Industries Ltd. ("CAA Industries")(collectively "Plaintiffs") in response to defendant ME Technology, Inc.'s ("Defendant") combined letter motion filed August 23, 2019 ("Letter Motion 1").[1]  For the multiple reasons set forth below, Plaintiffs oppose all requests for relief.

Letter Motion 1 downplays the fact that *ME Technology is a New York corporation.* Defendant purposefully incorporated in New York even though it does not operate in New York and never has.  Despite the fact that Defendant has taken advantage of New York's corporate laws and tax laws for the past 12 years, it is crying foul now that it has been sued in New York.

Letter Motion 1 mischaracterizes the situs of the infringing activity on which the complaint is based.  Letter Motion 1 alleges that "Plaintiff's do not allege any operative fact occurred in New York." Letter Motion 1, p.1, 2.  This statement is false.  For example, in their complaint, Plaintiffs specifically alleged that "ME Technology is importing, advertising, distributing, and/or selling its products in association with the CAA Marks[2] in interstate commerce, including the Southern District of New York." Dkt. 1, ¶97 (emphasis added).  Letter Motion 1 also suggests that Defendant is not committing any infringing activities in this District because "its sole place of business is in Pompano Beach, Florida." Letter Motion 1, p.1, 2.  This suggestion is factually and legally false.  Defendant does not deny that it advertises and sells its infringing products throughout the U.S. including the S.D.N.Y.  Defendant has customers in the S.D.N.Y.  It is soliciting customers in the S.D.N.Y. using the interactive website www.caagearup.com.  Based on these facts[3], Defendant has committed patent infringement in

---

[1] Section 2(A) of Your Honor's Individual Practices does not dictate a page limit for responses to letter motions.  If the same 3-page limit for letter motions also applies to letter responses, Plaintiffs request that this Court treat this letter response also as a motion to file a letter response in excess of the established page length.  One additional page is needed to state briefly, but with specificity, the factors that weigh in favor of retaining this lawsuit in the S.D.N.Y.

[2] The "CAA Marks" were defined in the complaint as the marks CAA, COMMAND ARMS ACCESSORIES, RONI, Micro RONI,  (the "Lion Head Mark",  (the "Lion Head Composite Mark"), and  (the "DDP Mark"). *Id.* at ¶36.

[3] For purposes of this motion, ¶97 of the verified complaint should be accepted as true.

Hon. Louis L. Stanton
August 28, 2019
Page 2

this District and trademark infringement in nearby E.D. of Pennsylvania, which acts constitute the main "operative facts" of this lawsuit.[4]

Having established multiple connections to New York, Plaintiffs' choice of this District should be given "great weight." *Children's Network, LLC v. PixFusion LLC*, 722 F. Supp. 2d 404, 411 (S.D.N.Y. 2010) (citing *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 107 (2d Cir. 2005)).  "Under 28 U.S.C. § 1404(a), the plaintiff's choice of forum should not be disturbed unless the balance in the defendant's favor is shown by clear and convincing evidence." *Children's Network* at 411 (quoting *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 114 (2d Cir. 2010)).  "In fact, unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Pollux Holding, Ltd. v. Chase Manhattan Bank*, 329 F.3d 64, 71 (2d Cir. 2003) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)); *Norex Petroleum, Ltd. v. Access Indus.*, 416 F.3d 146, 154 (2d Cir. 2005)(quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947).  Contrary to this well-established standard, Letter Motion 1 improperly characterized the relevant transfer standard as an *equal* balancing act of several enumerated factors, which it is not.  Since Plaintiffs' chose this District, and since Defendant is a New York corporation, and since Defendant has committed, and continues to commit, acts of patent infringement in this District, Defendant must convince this court that the remaining enumerated factors *strongly favor* Florida over New York.  As discussed below, *none* of the factors strongly favors Florida.

**Convenience of Witnesses** – Defendant failed to demonstrate that Miami is a more convenient travel destination than New York City for the following key, non-party, *foreign* witnesses: (1) Dan Alexander & Co., Tel Aviv, Israel, a marketing firm that developed the CAA Marks on behalf of CAA Industries, Ltd.; (2) NGSoft Corporation, Petah Tikva, Israel, a technology firm that designed and developed the CAA website on behalf of CAA Industries, Ltd.; (3) Sky of Blue, Ltd, Marina Bay, Singapore, an investment company which owns 51% of CAA Industries and ME Technology; and (4) Eldad Oz, Qiryat Gat, Israel, a part owner of CAA Industries, Ltd. and former President and CEO of ME Technology.  In fact, the opposite is true. For the Israeli witnesses, four airlines (Continental, Delta, El Al, and United) fly direct and more cheaply from New York or Newark to Israel, whereas only El Al flies direct from Miami to Israel.  For Sky of Blue, Ltd., no airline flies direct between Miami and Singapore, while Singapore Airlines flies direct and more cheaply from Singapore to both Newark and New York.

Defendant failed to demonstrate that Miami is a more convenient travel destination than New York City for key, non-party, *domestic* witnesses.  With the exception of "a former employee who resides in Pennsylvania", Defendant did not identify any third-party domestic witnesses.  Instead, it summarily alleged that there are "many witnesses in the Southern District

---

[4] It is well established that patent infringement occurs wherever an offending act of infringement is committed, while trademark infringement is committed where the injury is felt. *See, e.g., NTP, Inc. v. Research in Motion, Ltd.*, 418 F.3d 1282, 1316 (Fed.Cir.2005) (location of patent infringement); *McGraw-Hill Cos. v. Ingenium Techs. Corp.*, 375 F.Supp.2d 252, 256 (S.D.N.Y. 2005) "trademark infringement cause[s] injury in the state where the . . . intellectual property is held."

Hon. Louis L. Stanton
August 28, 2019
Page 3

of Florida." With the exception of Defendant[5], Plaintiffs can think of no other key witnesses in Florida.

In contrast, several key domestic, non-party witnesses are located in or proximate New York including: (1) Jay Portz, Ivyland, (Northeast) Pennsylvania, Plaintiffs' new exclusive distributor in the U.S.; (2) Glenn Newman, Villanova, Pennsylvania, Plaintiffs' forensic accountant and expert witness on damages; (3) Edward A. Phillips, Philadelphia, Pennsylvania, the liquidating trustee who awarded ownership of the marks CAA and COMMAND ARMS ACCESSORIES to CAA, LLC; and, (4) Guy Yonay, Esq., New York, New York, the author of a prior notice of patent infringement letter to Defendant. Very clearly, New York is a much more convenient forum for these witnesses.

**Relevant Documents and Sources of Proof** – Defendant failed to demonstrate that getting relevant documents to Florida will be easier than getting those same documents to New York. Defendant failed to specifically identify any relevant documents or their location. Letter Motion 1 summarily states that "relevant documents, the relative ease of access to sources of proof" favor transfer as well. Only Defendant's corporate documents are (presumably) located in Florida. Plaintiffs' corporate, patent, trademark, shareholder, and asset purchase documents are located in New York, Pennsylvania, and Israel. Defendant's infringing products can be purchased online from anywhere in the world. None of the documents of the above-identified, third-party witnesses is located in Florida. GoDaddy.com LLC is the disputed domain name registrar and is headquartered in Scottsdale, Arizona. Its servers are located in Scottsdale, Los Angeles, Chicago, Ashburn, Virginia, Amsterdam and Singapore. Moreover, with the advent of electronic files and numerous overnight couriers, the transfer of documents, photos, infringing samples, etc. is simple and almost an irrelevant factor.

**Convenience of Parties** - While Florida may be a more convenient forum for Defendant, for the reasons discussed above, New York is clearly more convenient for Plaintiffs. CAA, LLC is a Pennsylvania corporation and CAA Industries is an Israeli corporation. CAA Industries' new exclusive U.S. distributor is located in Ivyland, (Northeast) Pennsylvania. Even though neither of the Plaintiffs resides in New York, Plaintiffs selected New York over Florida for convenience.

**Unwilling Witnesses** – Defendant failed to demonstrate that there are many more potentially unwilling witnesses in Florida compared to New York. In fact, Defendant *did not* identify *any* potentially unwilling witnesses. As described above, the only potential witnesses in Florida are Defendant's employees, who can be compelled to testify anywhere.

**Relative Means of the Parties** – For the past 5 years, Plaintiffs had sold an average of US$1,900,000 worth of product through Defendant. Defendant's infringing activities have decimated those sales. Yet, Defendant continues to reap those sales by impersonating Plaintiffs and selling knock-off products in place of authentic CAA Industries' products. Defendant's ill-gotten profits can readily pay for its defense in this District.

---

[5] Officers, directors and employees of Defendant are considered "parties" for this analysis.

Hon. Louis L. Stanton
August 28, 2019
Page 4


       Defendant believes its co-pending lawsuit in Florida (the "Florida Action') supports venue transfer to Florida.  Because the Florida Action was filed *second*, Plaintiffs will be filing a motion to transfer that case to the Southern District of New York (where the law of libel is the highly developed) since both lawsuits overlap on the exact same issues and seek the same relief.[6]

       Finally, Plaintiffs note that their choice of forums was limited to the S.D.N.Y. or the S.D. Fla. since it alleged patent infringement and ME Technology is a corporation.[7]  Defendant's patent infringement should not add insult to injury by causing Plaintiffs to sue Defendant in Florida, especially where the infringement is clear and convincing in this District as set forth in Plaintiffs' motion for preliminary injunction, which has already been briefed in this District.

                     Respectfully submitted,

                     Ryder, Mazzeo & Konieczny LLC


                     By:  /s/ Frank A. Mazzeo_____

FAM/clk
cc: William K. Hill, Esq. (via ECF)

---

[6] Under the first-to-file rule, "[t]he lawsuits need not be identical, but the claims and rights raised in the two actions must not differ substantially." *Wyler-Wittenberg. v. MetLife Home Loans, Inc.*, 899 F. Supp. 2d 235, 243 (E.D.N.Y. 2012).

[7] Under recent Supreme Court decision, corporations can only be sued for patent infringement in state of incorporation or a state where it has committed acts of infringement and has a regular and established place of business. *TC Heartland v. Kraft Foods Grp. Brands LLC*, 581 US ____, 137 S.Ct. 1514 (2017).