

September 2, 2019

Hon. Louis L. Stanton                                                         *Via ECF*
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      Re:     CAA Industries, Ltd. et al v. ME Technology, Inc.
                 Civil Action No.: 19-CV-6982-LLS

Your Honor:

      I write on behalf of plaintiffs Command Arms Accessories, LLC ("CAA, LLC") and CAA Industries Ltd. ("CAA Industries")(collectively "Plaintiffs") in response to defendant ME Technology, Inc.'s ("Defendant") letter motion filed August 28, 2019 ("Letter Motion 2") for an extension of time to respond to Plaintiffs' Motion for Preliminary Injunction ("Plaintiffs' PI Motion") filed August 19, 2019. Dkt. 11. Defendant's response is due on Tuesday September 3, 2019. For the multiple reasons set forth below, Plaintiffs respectfully oppose Defendant's request.

      Defendant's first letter motion[1] downplays the urgency of Plaintiffs' PI Motion by characterizing this lawsuit as a garden-variety patent and trademark infringement action. It is not. Plaintiff's PI Motion requires *urgent judicial consideration* for the multiple reasons set forth in the supporting documents. Very briefly, Defendant is destroying CAA Industries' business. It has *stolen* Plaintiffs' *entire* business/branding identity and website. Defendant is also selling a knock-off of Plaintiffs' most lucrative product, the patented Micro Roni pistol carbine conversion kit and accessories, which account for more than 75% of Plaintiffs' revenue. The strength of Plaintiffs' infringement claims and extent of the immediate and irreparable harm caused by Defendant's infringement are gleaned from even a cursory review of the supporting documents. A brief hearing on those issues will confirm that a preliminary injunction should be immediately issued.

      Under most circumstances, Plaintiffs would readily oblige opposing counsel's request for an extension of time. As a compromise offer, Plaintiffs agreed to extend the response deadline if Defendant would refrain from using Plaintiffs' trademarks and selling its infringing/knock-off pistol carbine conversion kit until a hearing on the PI Motion; however, Defendant declined the compromise offer.

      By the time the parties confer on September 11, 2019, more than 7 weeks will have passed since the filing date, July 29, 2019, of the complaint. Dkt. 1. The underlying facts supporting the PI Motion mirror the complaint. Under these circumstances, Defendant's request

---

[1] Defendant's first letter motion was filed on August 23, 2019 ("Letter Motion 1).

for a six-week extension of time, from August 19[2] until October 3, to respond to the PI Motion is unreasonable, especially in light of the nature of Plaintiffs' motion. And, even though the complaint was not served until August 6, as explained below, Defendant has had actual knowledge of Plaintiffs' infringement allegations since early June.

Defendant's request is an obvious tactic to delay the hearing on the PI Motion, which delay tactic far predates this motion. Defendant has been aware of the trademark infringement issues since June 5, 2019 when it received Plaintiffs' cease and desist letter. Defendant did not respond to the letter until June 21. However, its response was not substantive. Instead, Defendant's responded by stating that "we are preparing a response and ask that you refrain from taking action for an additional 10 days." When Defendant finally substantively responded 19 days later (35 days after the cease and desist letter was sent), its response was contrived and clearly did not take 35 days to formulate. After first bickering about alleged ethics violations, Defendant's only substantive response to Plaintiffs' trademark infringement allegations was as follows:

> Fourth, with regard to your various claims of violations of copyright, I have found that your client has only 2 registered copyrights, one for "CAA" (with a little soldier), and one for "RONI." CAA USA is using those copyrights only in connection with the sale of CAA Israel's products that CAA USA is legitimately reselling with permission. Such use is not a violation of CAA Israel's copyrights.

Defendant's response clearly lacked genuine investigation. For example, the header and footer of the website www.caagearup.com, which are used to advertise and sell *all* of Defendant's products (not just leftover CAA Industries' products) are reproduced below.



---

[2] Defendant does not dispute that the contents of Plaintiffs' PI Motion satisfy L.R. 7.1. Nor does Defendant dispute that it was served with Plaintiffs' motion by ECF and by courtesy e-mail on August 19, 2019. Therefore, under L.R. 6.1(b), Defendant's opposition is due 14 days from service (not filing), which is September 3, 2019. The fact that Plaintiff re-filed the motion at the request of the clerk so that the supporting memorandum of law and declaration had separate docket entries does not reset the return date of the PI Motion. Defendant cites no authority for such proposition. This is yet another attempt by Defendant to delay the preliminary injunction hearing.

The header and footer, which appear on *every page* of the website, clearly show use of Plaintiffs' marks CAA and the Lion Head Marks. The footer also shows use of the DDP mark. Thus, Defendant's blanket, unsubstantiated denial of infringement, and blatant failure to address these common law marks, was disingenuous and clearly a stall tactic.

Now, almost three months after having been notified of its trademark infringement, and 4 weeks after having been notified of its patent infringement, Defendant seeks another 6 week extension, *i.e.*, delay, to respond to the infringement allegations. Defendant should not be permitted to delay justice any longer.

Like Letter Motion 1, Letter Motion 2 lacks any specific details justifying a six week extension. If, for example, Defendant was going to assert several complex defenses that require extensive research and briefing, its request *might* have some merit. However, the only possible defense to infringement raised by Defendant was in footnote 1 of Letter Motion 1 filed August 23, 2019. In that letter, Defendant stated that it would be alleging that Moshe Oz lacked the authority and capacity to commence this action on behalf of CAA Industries. This defense does not require extensive research or briefing so as to warrant six more weeks to research. Moshe Oz is the President and one of four Board member of CAA Industries. The authority of the Board and Officers to act on behalf of CAA Industries is spelled out in *a few documents* including a Shareholder's Agreement and Share Purchase Agreement. His brother Eldad Oz is another Board member. Together the Oz brothers own 49% of CAA Industries and comprise 50% of the Board. As the minority shareholders, the Oz brothers have the right to appoint the chief executive officer. More importantly, the Oz brothers own 100% and have total control of the other plaintiff, CAA, LLC. Therefore, even if Defendant's "standing" defense somehow applies to CAA Industries, it does not apply to CAA, LLC, which is the owner of the most valuable mark CAA.

Respectfully submitted,

Ryder, Mazzeo & Konieczny LLC

By: /s/ Frank A. Mazzeo

FAM/clk
cc: William K. Hill, Esq. (via ECF)