

Writer's Direct Dial Number: (305) 376-6084
Writer's E-Mail Address: tmcginn@gunster.com

September 5, 2019

**VIA ECF**

The Honorable Louis L. Stanton
United States District Judge
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

    Re:    ***Command Arms Accessories, LLC and CAA Industries, Ltd. v. ME Technology Inc.*, Case No. 1:19-cv-06982-LLS (S.D.N.Y.)**

Dear Judge Stanton:

    This firm represents ME Technology, Inc. ("ME Technology"), the defendant in the above-referenced action. I write in accordance with Paragraph 1(e) of the Court's Individual Practices to request a **three-day extension** of ME Technology's deadline to respond to Plaintiffs' re-filed motion for preliminary injunction ("Re-filed Motion") to offset the time lost by ME Technology's South Florida-based counsel in preparing for Hurricane Dorian.

    Plaintiffs re-filed their Notice of Motion for Preliminary Injunction (ECF No. 15), Memorandum of Law in Support of Motion for Preliminary Injunction (ECF Nos. 16, 17), and Declaration of Moshe Oz on August 27, 2019.[1] ME Technology's response is therefore currently due on September 10, 2019.

    Plaintiffs have asserted, in correspondence to the Court and among counsel, that ME Technology's response was due on September 3, 2019, based on the date Plaintiffs filed their rejected motion for preliminary injunction, August 19, 2019 (ECF No. 11). This is incorrect. Plaintiffs' initial attempt to file their motion for preliminary injunction did not comply with Sections 13.2(e) and 15.5 of this Court's Electronic Case Filing Rules & Instructions ("ECF Rules"). Plaintiffs' attempted filing was therefore a nullity under Local Civil Rule 5.2(a), which provides that a paper "served and filed by electronic means in accordance with [the ECF Rules] is, for purposes of Fed. R. Civ. P. 5, served and filed in compliance with" this Court's Local Civil Rules. In an abundance of caution, counsel for ME Technology called the Clerk of Court for the Southern District of New York, and the Clerk's office confirmed that the August 19, 2019 filing (ECF No. 11) has been "terminated" and is no longer operative.

---

[1] Plaintiffs attempted to file a motion for preliminary injunction and additional papers in support thereof on August 19, 2019. (ECF No. 11.) On August 26, 2019, the Clerk of Court entered a "NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - DEFICIENT DOCKET ENTRY ERROR," thereby rejecting Plaintiffs' filing and directing Plaintiffs to re-file, as separate documents, their notice of motion, memorandum of law in support, and declaration in support.

Brickell World Plaza   600 Brickell Avenue, Suite 3500   Miami, FL 33131   p 305-376-6000  f 305-376-6010  GUNSTER.COM

Boca Raton | Fort Lauderdale | Jacksonville | Miami | Orlando | Palm Beach | Stuart | Tallahassee
Tampa | The Florida Keys | Vero Beach | West Palm Beach | Winter Park

Furthermore, even if the Clerk of Court's rejection of Plaintiffs' papers did not nullify Plaintiffs' prior service by mail on August 19, 2019, ME Technology's current response deadline would be September 6, 2019, not September 3, 2019. *See* Fed. R. Civ. P. 6(d) (three additional days to respond when service is made by mail).

On August 28, 2019, ME Technology requested that the Court extend ME Technology's deadline to oppose the Re-filed Motion, hold the Re-filed Motion in abeyance until the Court's pre-motion conference regarding ME Technology's proposed motions to transfer this action to the Southern District of Florida and to stay the case pending the determination of that motion (the "Conference," now scheduled for September 11, 2019), and address the timing of ME Technology's response to the Re-filed Motion during the Conference; in the alternative, ME Technology requested an extension until October 3, 2019 (ECF No. 19).[2] On September 3, 2019, the Court denied ME Technology's request (ECF No. 22).

ME Technology now requests a three-day extension to offset the time its South Florida-based counsel lost making essential preparations for Hurricane Dorian. On Wednesday, August 28, 2019—based on reports from the National Hurricane Center regarding Hurricane Dorian—Florida Governor Ron DeSantis issued a state of emergency in 26 Florida counties, including Miami-Dade County, the county in which the undersigned's home and office are located.[3] Fla. Exec. Order No. 19-189, Emergency Management – Hurricane Dorian (Aug. 28, 2019). On August 29, 2019, Governor DeSantis extended the state of emergency to include all 67 Florida counties. Fla. Exec. Order No. 19-190, Emergency Management – Amendment of Executive Order 19-189 – Hurricane Dorian (Aug. 29, 2019). On August 30, 2019, President Trump also declared that an emergency existed in the State of Florida. 2019 WL 4126640, White House Office of Communications (Aug. 30, 2019). Although Miami-Dade County was ultimately spared any major impact by Hurricane Dorian, the hurricane and its then-forecasted path required counsel to take immediate precautions, limiting the time counsel could dedicate to ME Technology's opposition to the Re-filed Motion. Indeed, schools and federal and state courts closed in Miami-Dade County on Tuesday, September 3, in anticipation of storm conditions. Accordingly, ME Technology requests a brief three-day extension to file its response to the Re-filed Motion.

ME Technology's new deadline would be September 13, 2019 (assuming ME Technology is correct that its current deadline is September 10, 2019), or September 9, 2019 (if the Clerk of Court's rejection of Plaintiffs' first attempted filing had no bearing on ME Technology's deadline, notwithstanding this Court's ECF Rules).

Plaintiffs oppose any extension of time because of the nature of the relief they seek.

---

[2] A prior request for an extension of time (ECF No. 14) was preempted by the Clerk of Court's rejection of Plaintiffs' first attempted filing of their motion for preliminary injunction.

[3] The Executive Order explained, *inter alia*, that "there [was] an increasing risk of dangerous storm surge, rainfall, flooding, strong winds, hazardous seas, and the potential for isolated tornadic activity for portions of Florida's Atlantic Coast" and that "the threat posed by Hurricane Dorian requires that timely precautions are taken to protect the communities, critical infrastructure, and general welfare of Florida." Fla. Exec. Order No. 19-189, Emergency Management – Hurricane Dorian (Aug. 28, 2019).

Hon. Louis L. Stanton
September 5, 2019
Page 3

Thank you for your consideration.

Respectfully submitted,

/s/ *Timothy J. McGinn*
Timothy J. McGinn

cc: All counsel of record (via ECF)