**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| COMMAND ARMS ACCESSORIES, LLC, and CAA INDUSTRIES, LTD., | )<br>)<br>) |
| Plaintiffs, | )   Case No. 1:19-cv-06982-LLS<br>) |
| v. | )<br>) |
| ME TECHNOLOGY INC., | )<br>) |
| Defendant. | )<br>) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF ME TECHNOLOGY, INC., D/B/A CAA USA, FOR TRANSFER TO UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA PURSUANT TO 28 U.S.C. § 1404(a)**

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION ...................................................................................................................1

RELEVANT FACTUAL BACKGROUND.............................................................................1

ARGUMENT ...........................................................................................................................4

I. THE CONVENIENCE OF WITNESSES PLAINLY FAVORS TRANSFER. ...................5

II. THE LOCUS OF OPERATIVE FACTS PLAINLY FAVORS TRANSFER.....................8

III. PARTY CONVENIENCE FAVORS TRANSFER. .............................................................9

IV. THE LOCATION OF RELEVANT DOCUMENTS AND THE RELATIVE EASE OF ACCESS TO SOURCES OF PROOF FAVOR TRANSFER. ..........................9

V. PLAINTIFFS' CHOICE OF FORUM IS ENTITLED TO LITTLE WEIGHT AND OUTWEIGHED BY THE FACTORS FAVORING TRANSFER TO THE SOUTHERN DISTRICT OF FLORIDA. ..........................................................................10

CONCLUSION......................................................................................................................10

## **TABLE OF AUTHORITIES**

**Cases**                                                                                                                              **Page(s)**

*Fisher v. Int'l Student Exch., Inc.*,
    38 F. Supp. 3d 276 (E.D.N.Y. 2014) ....................................................................................7

*Herbert Ltd. P'ship v. Elec. Arts Inc.*,
    325 F. Supp. 2d 282 (S.D.N.Y. 2004)................................................................................5, 6

*Iyalla v. TRT Holdings, Inc.*,
    No. 04 Civ. 8114 (NRB), 2005 WL 1765707 (S.D.N.Y. July 25, 2005).............................7

*Jackson v. Avis Rent A Car System, LLC*,
    No. 14 Civ. 1658 (LLS), 2015 WL 1004299 (S.D.N.Y. Mar. 6, 2015)..................... *passim*

**Statutes**

28 U.S.C. § 1391(b) ........................................................................................................................4

28 U.S.C. § 1404(a) ........................................................................................................................1

## INTRODUCTION

This action has no meaningful connection to this District. Neither Plaintiff is a citizen of this District. Defendant ME Technology, Inc. d/b/a CAA USA is incorporated in the State of New York, but its headquarters and sole place of business is, and for years has been, located in the Southern District of Florida. CAA USA has never had operations in this District. A number of key witnesses reside in the Southern District of Florida, and no witness of any consequence resides or works in this District. To the extent CAA USA did any of the things Plaintiffs accuse it of doing, it did them in the Southern District of Florida. The parties are litigating a closely related matter in the Southern District of Florida, and the two minority shareholders who purport to bring this action on behalf of Plaintiff CAA Industries, Ltd. ("CAA Israel"), have brought four additional actions against CAA USA and its affiliate in the Southern District of Florida within the last month (although two have apparently been dismissed for lack of diversity jurisdiction). In the interests of justice, this Court should transfer this action to the Southern District of Florida pursuant to 28 U.S.C. § 1404(a).

## RELEVANT FACTUAL BACKGROUND

This action is the latest skirmish in a battle between the Oz brothers, Moshe and Eldad, minority owners of both CAA Israel and CAA USA, and the majority shareholders of those two companies. The Oz brothers once owned 100 percent of both CAA Israel and CAA USA. (ECF No. 41 ¶ 7.) In January 2015, they sold 51 percent of both companies to Sky of Blue PTE Ltd. (a Singapore company), which, in turn, transferred its majority interest in CAA USA to Peter Viskovatykh and Michael Tiraturian (both citizens and residents of Florida). (*Id.*) Sky of Blue PTE later transferred its majority interest in CAA Israel to its parent company, Comaren Enterprises Corp. (a British Virgin Island company). (*Id.* ¶ 8.) The relationship between CAA USA and CAA Israel deteriorated following the Oz brothers' sale of their majority stake in each

company, with Moshe Oz pursuing a course of conduct designed to promote CAA Israel (where he continued to serve as president, abusing and acting outside the scope of the limited powers delegated to him by the company's articles of association and shareholders agreement) at the expense of CAA USA.  (*See, e.g.*, *id.* ¶¶ 10, 14, 19, 20, 26.)  In 2018, the Oz brothers and CAA USA's majority shareholders made an agreement in principle to resolve their disputes:  CAA USA's majority shareholders would swap their 51 percent of CAA USA for the Oz brothers' minority interest in another company, RWC Group, LLC,[1] with a $685,000 payment to them by Moshe Oz.  (*Id.* ¶ 23.)  Despite two extensions of the closing date, Oz failed to raise the money, and the deal did not close.[2]  (*Id.*)

After a delay of many months, this litigation followed.  This action is one of seven filed in the United States within the last three months pitting the Oz brothers and entities in which they hold an interest against CAA USA or RWC Group.  Three of the seven actions (two of which were filed by entities controlled by Moshe Oz) are pending in the United States District Court for the Southern District of Florida.[3]  A fourth is pending in the Seventeenth Judicial Circuit Court in and for Broward County, Florida.[4]  Moshe Oz and one of his corporate entities, Modern Global International Company Ltd., filed the fifth and sixth actions in the Southern

---

[1]   Companies controlled by Tiraturian and Viskovatykh own 68.42 percent of RWC Group.  A company controlled by the Oz brothers owns the other 31.58 percent.

[2]   Moshe Oz recently filed a lawsuit in Israel seeking some form of specific performance of the deal.

[3]   *ME Technology, Inc. v. Oz*, Case No. 0:19-cv-61907-JEM (S.D. Fla.); *Modern Global International Company v. ME Technology, Inc.*, Case No. 0:19-cv-62168-KMW (S.D. Fla.); *Oz Asset Management, LLC v. ME Technology, Inc.*, Case No. 1:19-cv-23619-UU (S.D. Fla.).

[4]   *RWC Group, LLC v. CAA Industries, Ltd.*, CACE-19-016492 (17th Judicial Cir. Ct. Div. 18).

2

District of Florida, then dismissed each without prejudice after failing to properly plead the citizenship of the defendant.[5]  This action is the sole action brought outside South Florida.

In this action, Plaintiffs CAA Israel and Command Arms Accessories, LLC, allege CAA USA has infringed upon and diluted certain trademarks, has infringed upon a CAA Israel patent, has engaged in unfair competition and false advertising, and has misappropriated CAA Israel's website.  Plaintiffs do <u>not</u> allege that CAA USA did any of these things in this District, other than in conjunction with the general idea that CAA USA makes sales in this District, as it sells throughout the United States.

Indeed, Plaintiffs cannot allege that any operative facts occurred here.  Although CAA USA is incorporated under New York law, its headquarters and sole place of business is in Pompano Beach, Florida.  (ECF No. 1 ¶ 6; ECF No. 41 ¶ 2.)  The company does not have, and has never had, any operations in New York.  (ECF No. 41 ¶ 2.)  Plaintiffs also do not allege they have any operations in this District or in New York generally.  Command Arms Accessories, LLC, is a shell company—a non-operating Pennsylvania limited liability company "having an address" in Tullytown, Pennsylvania (ECF No. 1 ¶ 5; ECF No. 41 ¶¶ 33, 34).  CAA Israel is an Israeli corporation, and its principal place of business is located in Qiryat-Gat, Israel.  (ECF No. 1 ¶ 4.)  Other than the coincidence of CAA USA's state of incorporation, the only connection Plaintiffs draw between their claims and this District is Guy Yonay, Esq., whom Plaintiffs identify as the "author of a prior notice of patent infringement letter to Defendant"—one that does not even mention the patent at issue in this case.  (ECF No. 20 at 3; ECF No. 41-13 (Yonay letter claiming infringement of U.S. Patent No. 8,887,432).)

---

[5]  *Oz v. RWC Group, LLC*, Case No. 0:19-cv-62169-KMM (S.D. Fla.); *Modern Global International Company Ltd. v. RWC Group, LLC*, Case No. 1:19-cv-23617-CMA (S.D. Fla.).

3

## ARGUMENT

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought[.]" 28 U.S.C. § 1404(a). As this Court has explained, the "'threshold question in deciding'" a motion to transfer pursuant to 28 U.S.C. § 1404(a) "'is whether the action could have been brought in the [proposed] transferee forum.'" *Jackson v. Avis Rent A Car System, LLC*, No. 14 Civ. 1658 (LLS), 2015 WL 1004299, at *2 (S.D.N.Y. Mar. 6, 2015) (citation omitted). Assuming the answer to that question is yes, "the Court has broad discretion to balance relevant factors and to consider the evidence of convenience and fairness on a case-by-case basis." *Id.* (citation omitted). The relevant factors include: "'(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties.'" *Id.*

The threshold requirement for a transfer pursuant to 28 U.S.C. § 1404(a) is plainly satisfied here; this action could have been brought in the Southern District of Florida, where CAA USA resides and a substantial part of the alleged events giving rise to Plaintiffs' claims would have occurred (if they occurred at all). *See* 28 U.S.C. § 1391(b)(1), (2). In fact, as the Court is aware, Plaintiffs' counsel has admitted that the only proper venues for this lawsuit are the Southern District of New York and the Southern District of Florida. Although Moshe Oz chose the Southern District of Florida to file four other cases, he chose this forum in a blatant attempt to cause unnecessary expense and inconvenience to CAA USA. The factors to be balanced by the Court favor transfer to the Southern District of Florida, and the Court should transfer the action accordingly.

4

I.      THE CONVENIENCE OF WITNESSES PLAINLY FAVORS TRANSFER.

"'Courts typically regard the convenience of witnesses as the most important factor in considering a § 1404(a) motion to transfer.'" *Jackson*, 2015 WL 1004299,*3 (citation omitted). "[A] court does not merely tally the number of witnesses who reside in the current forum in comparison to the number located in the proposed transferee forum. Instead, the court must qualitatively evaluate the materiality of the testimony that the witnesses may provide." *Herbert Ltd. P'ship v. Elec. Arts Inc.*, 325 F. Supp. 2d 282, 286 (S.D.N.Y. 2004). Here, of course, even if the Court were to make the simple mathematical tally of the number of witnesses who reside in the Southern District of New York versus the Southern District of Florida, that tally would lopsidedly favor transfer, as the Plaintiffs have identified only one witness who resides in the Southern District of New York, and it is doubtful he is a witness at all.

The parties' submissions on Plaintiffs' motion for preliminary injunction confirm that the four most important witnesses in this action are likely to be Moshe Oz, Eldad Oz, CAA USA Chief Executive Officer Michael Hartman, and CAA USA Senior Vice President and joint majority shareholder Michael Tiraturian. (ECF Nos. 18, 40, 41, 43, 44.) Hartman and Tiraturian each live and work within the Southern District of Florida. (Tiraturian Dec. ¶¶ 2, 3.) The Oz brothers live in Israel but, within the last year, they and their corporate affiliates have filed four actions in the Southern District of Florida, and Moshe Oz has been named as a defendant in a fifth.[6] The Southern District of Florida is, for all intents and purposes, their home court.

CAA USA also intends to call as a witness non-party Evrold Henry, who resides within the Southern District of Florida. (Tiraturian Dec. ¶ 4.) Henry is the former chief financial

---

[6]  *ME Technology, Inc. v. Oz*, Case No. 0:19-cv-61907-JEM (S.D. Fla.); *Modern Global International Company v. ME Technology, Inc.*, Case No. 0:19-cv-62168-KMW (S.D. Fla.); *Oz Asset Management, LLC v. ME Technology, Inc.*, Case No. 1:19-cv-23619-UU (S.D. Fla.); *Oz v. RWC Group, LLC*, Case No. 0:19-cv-62169-KMM (S.D. Fla.); *Modern Global International Company Ltd. v. RWC Group, LLC*, Case No. 1:19-cv-23617-CMA (S.D. Fla.).

officer of CAA USA and has knowledge regarding the business relationship between CAA USA and CAA Israel.  (*Id.*)  CAA USA would likely call as witnesses other CAA USA employees who reside in the Southern District of Florida.  (*Id.* ¶ 5.)

No witness with relevant information resides in New York.  The sole New York "witness" Plaintiffs have identified to date, Guy Yonay, Esq., wrote a single patent infringement letter to CAA USA concerning a patent that is not even at issue in this case.  (*Compare* ECF No. 1 ¶¶ 233–38 (asserting claim for infringement of U.S. Patent No. 8,312,803) *with* ECF No. 41-13 (Yonay's letter claiming infringement of U.S. Patent No. 8,887,432).)  Thus, attorney Yonay is not a witness at all, and his convenience is immaterial.

The remaining witnesses reside outside this District and the Southern District of Florida, and the "convenience of witnesses who reside in neither the current nor the transferee forum is irrelevant when considering a motion to transfer."  *Herbert Ltd. P'ship*, 325 F. Supp. 2d at 288 (citations omitted).  In any event, CAA USA has filed declarations by Alon Pomeranc (an Israeli resident and counsel to CAA Israel's majority shareholder), Tal Hermoni (an Israeli resident and the former chief executive officer of CAA Israel), Tomer Birnbaum on behalf of Red Rock BT Handels GmbH (an Austrian company and former European distributor for CAA Israel), and Mark Rabinovich (a California resident holding power of attorney to act on behalf of CAA Israel's majority shareholder), each of whom would be required to travel a significant distance to testify in either this District or the Southern District of Florida.

Plaintiffs have not filed a declaration by anyone other than the Oz brothers.  In pre-motion correspondence, they suggested the Southern District of Florida would be less convenient than this District for Dan Alexander & Co., a marketing firm that developed certain marks for CAA USA and CAA Israel, and NGSoft Corporation, a software development and design

6

company that designed a website for CAA USA and CAA Israel. But Plaintiffs also concede that direct flights are available from Tel Aviv to Miami. That the witnesses will be required to fly El Al if they wish to fly direct, rather than Continental, Delta, or United, is no reason to keep this case in this District.[7] (*See* ECF No. 20 at 2.) Indeed, courts routinely find that once a witness has to travel, the forum to which a witness must travel does not matter for purposes of convenience analysis. *See, e.g., Jackson*, 2015 WL 1004299, at *3 ("As [plaintiff] will have to travel regardless of venue, moving the action to Philadelphia will cause little additional inconvenience."); *Fisher v. Int'l Student Exch., Inc.*, 38 F. Supp. 3d 276, 285 (E.D.N.Y. 2014) (granting transfer to Montana where plaintiff, a citizen and resident of Germany, "offered no compelling reason as to why this action should remain in New York" and plaintiff and his witnesses would "have to travel regardless of where the trial of this action takes place").

Plaintiffs also identify Jay Portz, Glenn Newman, and Edward A. Phillips—each a resident of Pennsylvania—as potential witnesses. (*Id.* at 3.) Plaintiffs identify Newman as an expert witness (*id.*), and "it is well-established that the location of [an] expert witness is entitled to little or no weight in deciding a transfer motion." *See, e.g., Iyalla v. TRT Holdings, Inc.*, No. 04 Civ. 8114 (NRB), 2005 WL 1765707, at *5 (S.D.N.Y. July 25, 2005) (citation and internal punctuation omitted). Additionally, Phillips's testimony is likely to be insignificant. He was involved in transactions allegedly concerning certain marks that were concluded many years ago, principally the Asset Purchase Agreement and the Assignment and Assumption Agreement Phillips signed and that Plaintiffs have already filed. (ECF Nos. 17-13, 17-4). There is nothing

---

[7] In pre-motion correspondence, Plaintiffs also claimed the Court must consider the convenience of "Sky of Blue, Ltd.," which Plaintiffs described as the owner of 51 percent of CAA Israel. (ECF No. 20 at 2.) In fact, Sky of Blue PTE Ltd. transferred its interest in CAA Israel to Comaren Enterprises Corp. in 2015. Plaintiffs have not identified any subject about which Sky of Blue PTE Ltd.—and not Comaren Enterprises Corp.—will testify.

to suggest Phillips has personal knowledge of any of the matters at issue in this action. However, regardless of whether these Pennsylvania witnesses have any relevant testimony, the fact that they do not reside in the Southern District of Florida means that they would have to travel to testify, so the inconvenience of traveling to Florida rather than New York is not legally significant.

In sum, two of the four key witnesses (Hartman and Tiraturian) reside in the Southern District of Florida, the other two key witnesses (the Oz brothers) reside in Israel but have voluntarily chosen to prosecute numerous lawsuits in the Southern District of Florida, and an important non-party witness (Henry) resides in the Southern District of Florida. No witness resides in this District and, at most, a single second- or third-tier witness from Pennsylvania (Portz) will have to travel a shorter distance if this case remains in this District. The convenience of the witnesses plainly favors transfer to the Southern District of Florida.

## II.     THE LOCUS OF OPERATIVE FACTS PLAINLY FAVORS TRANSFER.

In weighing a motion to transfer, the locus of operative facts is also given "'significant weight.'" *Jackson*, 2015 WL 1004299, at *2. As the Court's inquiry during the parties' pre-motion conference confirmed, Plaintiffs do not allege any operative fact occurred in New York. CAA USA's sole place of business is Pompano Beach, Florida, and any alleged operative facts concerning Plaintiffs are likely to have occurred there, i.e., within the Southern District of Florida, if they occurred at all. CAA USA happens to sell product into the Southern District of New York, a byproduct of the fact that CAA USA sells product throughout the country. In fact, CAA USA's sales in the Southern District of New York are minimal. (*See* Tiraturian Dec. ¶ 9.) The locus of operative facts therefore favors transfer to the Southern District of Florida.

**III.    PARTY CONVENIENCE PLAINLY FAVORS TRANSFER.**

Party convenience also favors transfer. CAA USA's sole place of business is located in the Southern District of Florida, and transferring the case there will minimize any disruption to its operations. (Tiraturian Dec. ¶ 6.) Command Arms Accessories, LLC, is a non-operating Pennsylvania limited liability company, with no employees, for which neither forum is more or less convenient.[8] (*See* ECF No. 41 ¶¶ 33, 34.) CAA Israel is based in Israel, and its employees will need to travel and its operations will be affected whether this action is litigated in this District or the Southern District of Florida. That said, CAA Israel must litigate <u>in the Southern District of Florida</u> in any event to defend itself in *ME Technology, Inc. v. Moshe Oz and CAA Industries Ltd.*, Case No. 19-cv-61907 (S.D. Fla. July 29, 2019), a libel case arising out of Plaintiffs' claims that CAA USA infringed their trademarks and a CAA Israel patent. Assuming its motion to transfer is granted, CAA USA intends to seek the consolidation of this action and the Southern District of Florida action, further serving the interest of party convenience. Party convenience therefore favors transfer to the Southern District of Florida.

**IV.    THE LOCATION OF RELEVANT DOCUMENTS AND THE RELATIVE EASE OF ACCESS TO SOURCES OF PROOF PLAINLY FAVOR TRANSFER.**

The location of relevant documents and the relative ease of access to sources of proof favor transfer as well. No documents or proof are located in this District. All documents and proof are located in either the Southern District of Florida (Tiraturian Dec. ¶ 8) or elsewhere outside this District. Thus, this factor also favors transfer to the Southern District of Florida.

---

[8]    Command Arms Accessories, LLC, has no employees and its tax returns show no income (or assets) for years. (ECF No. 41 ¶ 33.) In fact, its tax returns have been prepared by CAA USA in Florida. (*Id.*) Its members are the two Oz brothers.

9

V. **PLAINTIFFS' CHOICE OF FORUM IS ENTITLED TO LITTLE WEIGHT AND OUTWEIGHED BY THE FACTORS FAVORING TRANSFER TO THE SOUTHERN DISTRICT OF FLORIDA.**

Plaintiffs did select this District, but a plaintiff's choice of forum is entitled to only "slight weight" when, as here, the plaintiff chooses a forum that is "'neither [its] home nor the place where the operative facts of the action occurred.'" *Jackson*, 2015 WL 1004299, at *2. Plaintiffs' choice of this District is therefore outweighed by the four factors that favor transfer to the Southern District of Florida.[9]

## CONCLUSION

Four out of five factors plainly favor transfer. Two are neutral or inapplicable. Only one—the Plaintiffs' choice of forum—favors keeping the case in New York, but Plaintiffs' choice is accorded little weight because Plaintiffs chose to sue away from home. CAA USA respectfully requests that this Court transfer this action to the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1404(a).

---

[9] The two remaining factors—the availability of process to compel the attendance of unwilling witnesses and the relative means of the parties—are neutral. CAA USA is not aware of any unwilling witness whose attendance will need to be compelled, and Plaintiffs have not identified any to date. And while Plaintiffs have suggested they lack CAA USA's resources (*see* ECF No. 20 at 3), their suggestions are belied by the Oz brothers' retention of counsel and commencement of this action and four additional actions in the Southern District of Florida within the last three months.

Dated: September 25, 2019

          Respectfully submitted,

          GUNSTER, YOAKLEY & STEWART, P.A.
          Attorneys for Defendant ME Technology, Inc., d/b/a CAA USA

          By: *s/ William K. Hill*
              William K. Hill
              Florida Bar No. 747180
              Timothy J. McGinn
              Florida Bar No. 1000377
              600 Brickell Avenue, Suite 3500
              Miami, Florida 33131
              305-376-6000 fax 6010
              whill@gunster.com
              tmcginn@gunster.com