**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| COMMAND ARMS ACCESSORIES, LLC, and CAA INDUSTRIES, LTD., | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:19-cv-06982-LLS |
| v. | ) ) ) | |
| ME TECHNOLOGY INC., | ) ) | |
| Defendant. | ) ) | |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION OF ME TECHNOLOGY, INC., D/B/A CAA USA, FOR TRANSFER TO UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA PURSUANT TO 28 U.S.C. § 1404(a)**

# TABLE OF CONTENTS

|  | Page |
|---|---|
| TABLE OF AUTHORITIES | ii |
| INTRODUCTION | 1 |
| ARGUMENT | 1 |
| I. THE CONVENIENCE OF WITNESSES PLAINLY FAVORS TRANSFER. | 1 |
| II. THE LOCUS OF OPERATIVE FACTS PLAINLY FAVORS TRANSFER. | 5 |
| III. PARTY CONVENIENCE PLAINLY FAVORS TRANSFER. | 6 |
| IV. THE LOCATION OF RELEVANT DOCUMENTS AND THE RELATIVE EASE OF ACCESS TO SOURCES OF PROOF PLAINLY FAVOR TRANSFER. | 8 |
| V. PLAINTIFFS HAVE PRESENTED NO EVIDENCE OF THEIR FINANCES. | 8 |
| VI. PLAINTIFFS' CHOICE OF FORUM IS ENTITLED TO LITTLE WEIGHT AND OUTWEIGHED BY THE FACTORS FAVORING TRANSFER TO THE SOUTHERN DISTRICT OF FLORIDA. | 9 |
| VII. EFFICIENCY FAVORS TRANSFER TO THE SOUTHERN DISTRICT OF FLORIDA. | 12 |
| CONCLUSION | 13 |

# TABLE OF AUTHORITIES

**Cases**                                                                                                           **Page(s)**

*Baytree Capital Assocs., LLC v. Quan*,
    No. 08 CIV. 1602 (LLS), 2008 WL 11322599 (S.D.N.Y. May 1, 2008) .......................... 12

*Carrie Forbes, Inc. v. Gap, Inc.*,
    No. 94 CIV. 5337 (LLS), 1994 WL 693554 (S.D.N.Y. Dec. 9, 1994) ............................. 12

*Dattner v. ConAgra Foods, Inc.*,
    91 F. App'x 179 (2d Cir. 2004) ..................................................................................... 9

*Firestone v. Galbreath*,
    722 F. Supp. 1020 (S.D.N.Y. 1989) ......................................................................... 6, 12

*Fisher v. Int'l Student Exch., Inc.*,
    38 F. Supp. 3d 276 (E.D.N.Y. 2014) ............................................................................. 3

*Iragorri v. United Technologies Corp.*,
    274 F.3d 65 (2d Cir. 2010) ........................................................................................... 11

*Iyalla v. TRT Holdings, Inc.*,
    No. 04 Civ. 8114 (NRB), 2005 WL 1765707 (S.D.N.Y. July 25, 2005) .......................... 4

*Jackson v. Avis Rent A Car System, LLC*,
    No. 14 Civ. 1658 (LLS), 2015 WL 1004299 (S.D.N.Y. Mar. 6, 2015) ................... *passim*

*John Wiley & Sons, Inc. v. Swancoat*,
    No. 08 Civ 5672 (JGK), 2009 WL 2486048 (S.D.N.Y. Aug. 14, 2009) ........................ 11

*Medisim Ltd. v. BestMed LLC*,
    No. 10 Civ. 2463 (SAS), 2010 WL 2697073 (S.D.N.Y. July 7, 2010) .......................... 11

*Mirror Worlds Techs., LLC v. Facebook, Inc.*,
    No. 17-CV-3473, 2017 WL 5634127 (S.D.N.Y. Nov. 20, 2017) ................................. 11

*N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am. Inc.*,
    599 F.3d 102 (2d Cir. 2010) ........................................................................................... 7

*Peregrine Myanmar Ltd. v. Segal*,
    89 F.3d 41 (2d Cir. 1996) .............................................................................................. 9

*Varnelo v. Eastwind Transp., Ltd.*,
    No. 02 Civ. 2084 (KMW) (AJP), 2003 WL 230741 (S.D.N.Y. Feb. 3, 2003) ................ 9

*Varsity Spirit Fashions & Supplies, Inc. v. I.I.P., Inc.*,
    No. 03 CIV. 2069(LLS), 2003 WL 22772638 (S.D.N.Y. Nov. 24, 2003) .................. 3, 5

**Statutes**

28 U.S.C. § 1391(b) ...................................................................................................................10

28 U.S.C. § 1404(a) ............................................................................................................ *passim*

**INTRODUCTION**

In its initial memorandum in support of its motion to transfer, Defendant CAA USA established that this action has no meaningful connection to this District. Plaintiffs have not rebutted this showing. To the contrary, in citing Eldad Oz's alleged charity fundraising in this District; the fact that, once a year, employees of CAA Industries, Ltd. ("CAA Israel") fly to Las Vegas but connect through New York; the New York office of their legal counsel for unrelated intellectual property issues; and other irrelevant trivia as reasons for this Court to deny CAA USA's motion, Plaintiffs have only confirmed what CAA USA has stated from the outset: this action belongs in the Southern District of Florida, and this Court should transfer it there in the interests of justice.

**ARGUMENT**

Plaintiffs do not dispute that they could have brought this action in the Southern District of Florida. The sole question for this Court, then, is whether the seven factors to be balanced on a motion to transfer pursuant to 28 U.S.C. § 1404(a) weigh in favor of transfer to the Southern District of Florida. It is clear that they do.

**I.     THE CONVENIENCE OF WITNESSES PLAINLY FAVORS TRANSFER.**

CAA USA's initial brief established that two key witnesses (CAA USA Chief Executive Officer Michael Hartman and CAA USA Senior Vice President and joint majority shareholder Michael Tiraturian) reside in the Southern District of Florida, that the only other two key witnesses (Moshe Oz and Eldad Oz) reside in Israel, that the only non-party witness who resides in either proposed forum resides in the Southern District of Florida (CAA USA's former chief financial officer, Evrold Henry)[1], and that <u>no witness of any importance resides in this District</u>.

---

[1]   Plaintiffs dismiss the subjects of Henry's testimony as insufficiently described while literally copying and pasting the subject areas their own purported witnesses will address. (*See* ECF No.

(ECF No. 55 at 5–8.)  On these facts, witness convenience clearly weighs in favor of transfer to the Southern District of Florida.  Plaintiffs have not shown otherwise.

The emptiness of Plaintiffs' arguments is encapsulated in a single claim:  that CAA USA "obviously randomly selected" the Oz brothers, Hartman, and Tiraturian as the most important witnesses to tie this case to Florida.  (ECF No. 57 (Plaintiffs' Br.) at 13–14.)  In support of their motion for a preliminary injunction and in opposition to this motion, Plaintiffs have submitted declarations from only two witnesses: Moshe Oz and Eldad Oz, each a resident of Israel.  (ECF Nos. 18, 43, 44, 58.)  Moshe Oz is CAA Israel's president (ECF No. 18 ¶ 1), each of the Oz brothers is a director of CAA Israel (ECF No. 41 ¶ 9), and each of the Oz brothers has an ownership stake in both CAA Israel and CAA USA.  (*Id.* ¶ 7; ECF No. 41-5 at 2.)  Moshe Oz's declarations alone exceed 40 pages.  (ECF Nos. 18, 43, 58.)

Hartman and Tiraturian, each a resident of the Southern District of Florida, have led CAA USA at all relevant times and have personal knowledge of Moshe Oz's lack of authority to prosecute this action on behalf of CAA Israel, CAA USA's dealings with CAA Israel, the development of the intellectual property and website at issue in this case, and CAA USA's rights to the same—through their senior leadership roles at CAA USA, as the former chief executive officer of CAA Israel (Hartman), and as a current director of CAA Israel (Tiraturian).  (*See generally* ECF Nos. 40, 41.)  Plaintiffs' self-serving assertion that the Oz brothers, Hartman, and Tiraturian are <u>not</u> the most important witnesses in this case, despite all evidence to the contrary,

---

57 at 13 (describing possible subjects of Sky of Blue's testimony in connection with testimony to be offered by Edward A. Phillips).)  Henry's testimony regarding the business relationship between CAA USA and CAA Israel is more than adequately described.  It is plainly apparent from this description and Henry's former role as chief financial officer that he will testify regarding the parties' financial arrangements and each of CAA USA and CAA Israel's sales figures and financial performance.

GUNSTER, YOAKLEY & STEWART, P.A.

is preposterous and demonstrates the lengths to which Plaintiffs will go to keep this action in a District to which it has no connection.

Unable to rebut CAA USA's showing that the convenience of material witnesses plainly favors transfer to the Southern District of Florida, Plaintiffs assert that this District is more convenient for witnesses residing in Israel[2], Singapore, Pennsylvania, Austria, and California. (ECF No. 57 at 11–14.) This Court, however, has held that the convenience of a witness who does not "reside in any of the potential fora . . . does not significantly affect the transfer analysis." *Varsity Spirit Fashions & Supplies, Inc. v. I.I.P., Inc.*, No. 03 CIV. 2069 (LLS), 2003 WL 22772638, at *2 (S.D.N.Y. Nov. 24, 2003). *See also Jackson v. Avis Rent A Car System, LLC*, No. 14 Civ. 1658 (LLS), 2015 WL 1004299, at *3 (S.D.N.Y. Mar. 6, 2015) ("As [plaintiff] will have to travel regardless of venue, moving the action to Philadelphia will cause little additional inconvenience."); *Fisher v. Int'l Student Exch., Inc.*, 38 F. Supp. 3d 276, 285 (E.D.N.Y. 2014) (granting transfer to Montana where plaintiff, a citizen and resident of Germany, "offered no compelling reason as to why this action should remain in New York" and plaintiff and his witnesses would "have to travel regardless of where the trial of this action takes place"). And with good reason: witnesses from Israel, Singapore[3], Austria, and California will need to travel significant distances—will be inconvenienced, if they agree to appear—regardless

---

[2] The principal of Dan Alexander & Co., one of the Israeli witnesses identified by both Plaintiffs and CAA USA, has informed CAA USA that he will not appear voluntarily as a witness. (ECF No. 59 (Tiraturian Dec.) ¶ 11.) As neither the principal nor the company can be compelled to appear in either this District or the Southern District of Florida, the convenience of Dan Alexander & Co. should not be considered by this Court.

[3] There are no witnesses in Singapore. Although the former majority owner of CAA Israel, Sky of Blue PTE Ltd., was registered in Singapore, it is no longer the majority owner, as it transferred its shares in CAA Israel to Comaren Enterprises Corp., a company registered in the British Virgin Islands. (ECF No. 41 (Tiraturian Dec.) ¶ 8.) At any rate, Sky of Blue has no employees, officers, or directors located in Singapore.

of whether this action remains in this District or is transferred to the Southern District of Florida.[4]

Plaintiffs also do not explain why the Court should consider the convenience of Glenn Newman or Edward A. Phillips, each purportedly of Pennsylvania. Plaintiffs expressly identify Newman as their expert witness (ECF No. 57 at 12), and they do not dispute that "the location of [an] expert witness is entitled to little or no weight in deciding a transfer motion." *See, e.g., Iyalla v. TRT Holdings, Inc.*, No. 04 Civ. 8114 (NRB), 2005 WL 1765707, at *5 (S.D.N.Y. July 25, 2005) (citation and internal punctuation omitted). Nor do Plaintiffs dispute that Phillips's testimony is likely to be insignificant, given that his knowledge is limited to transactions, allegedly concerning certain marks, that were concluded many years ago and documented in the Asset Purchase Agreement and the Assignment and Assumption Agreement that Plaintiffs have already filed. (ECF Nos. 17-13, 17-14).

Nor do Plaintiffs explain why the Court should consider the convenience of Guy Yonay, Esq., a New York attorney, under any circumstances. Plaintiffs claim Yonay will "testify about a notice of patent infringement letter he authored and sent" to CAA USA "while it was preparing to manufacture its MCK conversion kit, which infringes [CAA Israel's] U.S. patent no. 8,312,803." (ECF No. 57 (Plaintiffs' Br.) at 13.) This statement is deliberately misleading. As CAA USA explained previously, the single patent infringement letter Yonay sent to CAA USA concerns U.S. Patent No. 8,887,432—a patent that is not at issue in this case—not U.S. Patent No. 8,312,803. (*Compare* ECF No. 1 ¶¶ 233–38 (asserting claim for infringement of U.S. Patent

---

[4] Plaintiffs concede that there are direct flights from Israel to Miami, but baldly assert that this District is more convenient for all foreign witnesses. Even if the convenience of witnesses residing outside this District were relevant, and it is not, Plaintiffs have presented no evidence that the Southern District of Florida is less convenient for foreign witnesses who are willing to appear voluntarily (as they cannot be compelled to do so).

No. 8,312,803) *with* ECF No. 41-13 (Yonay's letter claiming infringement of U.S. Patent No. 8,887,432).) Plaintiffs also suggest Yonay's letter is relevant to CAA USA's use of CAA Israel's alleged mark, but the letter does not mention any CAA marks; CAA Israel does not claim to have revoked CAA USA's authorization to use its marks until June 5, 2019, nearly 10 months after Yonay sent his letter; and Plaintiffs' counsel in this action—not Yonay—sent the letter purporting to revoke CAA USA's authorization to use Plaintiffs' alleged marks. (ECF No. 1 ¶ 92; ECF No. 17-26; ECF No. 41-13; ECF No. 57 at 13.) Thus, attorney Yonay is not a witness at all, and his convenience is immaterial. Furthermore, even if Yonay did have relevant information, his convenience still would not be relevant because, as this Court has held, the "'convenience of counsel is not a consideration in the transfer analysis.'" *Varsity Spirit Fashions & Supplies, Inc.*, 2003 WL 22772638, at *2.

In sum, Plaintiffs have ignored this Court's prior holdings addressing witness convenience and have failed to rebut CAA USA's clear showing that the Southern District of Florida is more convenient to material witnesses (Hartman, Tiraturian, and Henry) than this District, in which <u>zero</u> witnesses reside. Witness convenience—the "most important factor in considering a § 1404(a) motion to transfer"—clearly weighs in favor of transfer to the Southern District of Florida. *See Jackson*, 2015 WL 1004299, at *3 (citation omitted).

## II. THE LOCUS OF OPERATIVE FACTS PLAINLY FAVORS TRANSFER.

Plaintiffs acknowledge that CAA USA "does not operate in New York and never has." (ECF No. 57 (Plaintiffs' Br.) at 3.) It is also undisputed that CAA USA's sales in this District are minimal (ECF No. 56 (Tiraturian Dec.) ¶ 9), that CAA USA's sole place of business is Pompano Beach, Florida (*id.* ¶ 6; ECF No. 1 ¶ 6), and that, to the extent it has allegedly taken any action, CAA USA took that action in the Southern District of Florida. In the face of these undisputed facts, Plaintiffs attempt to inflate the effect in this District of CAA USA's actions in

5

Florida. (ECF No. 57 at 22.) But, as this Court has explained, the locus of operative facts is the place where "significant actions involved in this case" were taken. *Firestone v. Galbreath*, 722 F. Supp. 1020, 1030 (S.D.N.Y. 1989) (Stanton, J.). There is no dispute that CAA USA took any significant actions involved in this case in the Southern District of Florida, and that no party took any action of significance in this District. The locus of operative facts—a factor assigned significant weight—clearly weighs in favor of transfer to the Southern District of Florida.

## III. PARTY CONVENIENCE PLAINLY FAVORS TRANSFER.

Plaintiffs' arguments that party convenience favors this District are laughable. In sum, CAA Israel—an Israeli company whose employees will need to travel and whose operations will be affected whether this action is litigated in this District or the Southern District of Florida—and Command Arms Accessories, LLC ("Command Arms"), a non-operating Pennsylvania limited liability company with no employees, assert that this District is more convenient for them because:

(i) Plaintiffs previously worked with a law firm in New York regarding a patent (U.S. Patent No. 8,887,432) that is not at issue in this case and the registration of one trademark, which also is not at issue in this action[5];

(ii) Moshe Oz, who visits New York twice a year (Oz Dec. ¶ 1), has met with CAA Israel's new distributor in New York—presumably no more than a handful of times, given the infrequency of Oz's visits and the fact that CAA USA was CAA

---

[5] Plaintiffs incorrectly claim the law firm of Pearl Cohen Zedek Latzer, LLP ("Pearl Cohen") prepared and prosecuted three trademarks on their behalf and that two of these trademarks are being infringed by CAA USA. The first trademark Plaintiffs identify, Trademark Registration No. 3,559,649, was apparently prepared by Drinker Biddle & Reath LLP, was abandoned, and is not at issue here. (ECF No. 17-27 at 2–3, 18 at 4 n.1.) The second trademark Plaintiffs identify, Trademark Registration No. 4,352,407, was apparently prepared by Pearl Cohen, but Plaintiffs concede CAA USA stopped using this mark "in or around 2016"—three years before Plaintiffs purportedly revoked CAA USA's permission to use their alleged marks—and the mark therefore is not at issue here. (ECF No. 1 ¶¶ 82, 92; ECF No. 17–28 at 3.) The third trademark Plaintiffs identify, Trademark Registration No. 4,352,373, was apparently prepared by Plaintiffs' Pennsylvania-based counsel in this action, not by Pearl Cohen. (ECF No. 17-1 at 3.)

6

> Israel's exclusive distributor until June 2018 (*see* ECF No. 18 (Oz Dec.) ¶ 39; ECF No. 41 (Tiraturian Dec.) ¶ 24);
>
> (iii) unidentified CAA Israel employees fly through New York to Las Vegas once a year; and
>
> (iv) Eldad Oz, according to Moshe Oz, allegedly travels to New York five or six times a year "to speak with organizations that help children and soliciting donations" for a charity.

(ECF No. 57 at 17–20.) Whatever marginal benefit may accrue to Plaintiffs because their counsel on unrelated intellectual property matters has an office in this District and because this District is one CAA Israel's employees or directors visit briefly or fly through a handful of times each year is dwarfed by (i) the benefits to both parties in consolidating this action and *ME Technology, Inc. v. Moshe Oz and CAA Industries Ltd.*, Case No. 19-cv-61907 (S.D. Fla. July 29, 2019); (ii) the fact that Plaintiffs' principals are not inconvenienced by litigation in South Florida, where they are presently prosecuting or defending six other actions; and (iii) the benefit to CAA USA from minimizing travel- and litigation-related disruptions to its operations.[6] Party convenience therefore favors transfer to the Southern District of Florida.

---

[6] CAA Israel claims that it intends to file a motion to transfer *ME Technology, Inc. v. Moshe Oz and CAA Industries Ltd.*, Case No. 19-cv-61907 (S.D. Fla. July 29, 2019), to this District under the first-filed rule. (ECF No. 57 at 19.) Of course, CAA Israel has not actually filed such a motion, despite waiving service of the complaint in that action almost two months ago. (*See* ECF No. 60 ¶¶ 2–3 & Exs. A, B.) In fact, the parties' Joint Scheduling Report and Proposed Order in that action expressly contemplates <u>the transfer of this action to the Southern District of Florida</u>, but not the filing of a motion to transfer the case from the Southern District of Florida to this District. (ECF No. 60 Ex. C.) And even if CAA Israel were to file such a motion to transfer, the first-filed rule is inapplicable when, applying the same factors applied on a motion to transfer pursuant to 28 U.S.C. § 1404(a), the "'balance of convenience favors the second-filed action,'" as it does here. *See N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am. Inc.*, 599 F.3d 102, 112 (2d Cir. 2010). Plaintiffs' related assertion that CAA USA filed a complaint in the Southern District of Florida instead of counterclaiming in this District in order to inconvenience Plaintiffs is flatly disproven by the fact that CAA USA commenced its action against CAA Israel and Oz on July 29, 2019, a summons was not issued in this action until July 30, 2019, and Plaintiffs did not serve CAA USA until August 6, 2019. (ECF Nos. 9, 10, 60-2.)

## IV. THE LOCATION OF RELEVANT DOCUMENTS AND THE RELATIVE EASE OF ACCESS TO SOURCES OF PROOF PLAINLY FAVOR TRANSFER.

It is undisputed that all of CAA USA's documents are located in Florida. Plaintiffs concede other relevant documents are located outside of this District and the Southern District of Florida (ECF No. 57 at 20), but they also baldly assert that some of Plaintiffs' documents are located in this District. Plaintiffs do not identify these documents or explain why they would be located in this District—a district in which neither Plaintiff has any presence. Plaintiffs' boilerplate assertion that relevant documents are located here is entitled to no weight. The location of relevant documents and the relative ease of access to sources of proof therefore favor transfer.

## V. PLAINTIFFS HAVE PRESENTED NO EVIDENCE OF THEIR FINANCES.

Plaintiffs claim the relative means of the parties favor litigation in this District. Not so. As Plaintiffs concede, "'[a] party arguing for <u>or against</u> a transfer because of inadequate means must offer documentation to show that <u>transfer (or lack thereof) would be unduly burdensome</u> to his finances.'" (ECF No. 57 at 21 (emphasis added) (citation omitted).) Plaintiffs have presented <u>no documentation</u> of their finances, and their argument therefore fails at the first hurdle. Plaintiffs also have not produced documentation to establish that <u>transfer</u> would be unduly burdensome—that litigating in this District, neither Plaintiff's home forum, is not unduly burdensome, but litigating in the Southern District of Florida, where Plaintiffs and their affiliates are already litigating six other cases, would be unduly burdensome. Plaintiffs merely repeat, without proof, that CAA USA has profited at their expense.[7] This self-serving assertion is

---

[7] Plaintiffs cite <u>their affiliates'</u> complaints against CAA USA and its affiliate, RWC Group, LLC, as evidence of <u>Plaintiffs'</u> lack of financial resources. (ECF No. 57 at 21.) But Plaintiffs and their affiliates (Modern Global International Company Ltd. and Oz Asset Management, LLC) are distinct legal entities, whether or not the Oz brothers treat them as such. Furthermore, the complaints only reflect debts allegedly owed. They do not address what financial resources

8

GUNSTER, YOAKLEY & STEWART, P.A.

plainly insufficient under the standard Plaintiffs themselves cite. Thus, the relative means of the parties factor is neutral.

## VI. PLAINTIFFS' CHOICE OF FORUM IS ENTITLED TO LITTLE WEIGHT AND OUTWEIGHED BY THE FACTORS FAVORING TRANSFER TO THE SOUTHERN DISTRICT OF FLORIDA.

Plaintiffs claim their choice of this District is entitled to deference. It is not.

First, Plaintiffs claim their choice of venue is entitled to deference because CAA USA is incorporated in New York. (ECF No. 57 at 7.) This is wrong. As this Court has explained, on a motion to transfer pursuant to 28 U.S.C. § 1404(a), a plaintiff's choice of forum is entitled to deference when the forum is the plaintiff's home district. *Jackson*, 2015 WL 1004299, at *2. Otherwise, the plaintiff's choice receives "slight weight." *Id.* The cases Plaintiffs cite for the proposition that their choice of this District is entitled to deference merely because CAA USA is incorporated in New York are cases concerning motions to dismiss in favor of foreign jurisdictions under the doctrine of *forum non conveniens*, not motions to transfer pursuant to 28 U.S.C. § 1404(a).[8] It is understandable that courts defer to a plaintiff's choice of a defendant's home district when the alternative is dismissal and depriving the plaintiff of a federal forum altogether, but not, as here, when determining which of two proper federal forums is the more convenient one for interested parties. Thus, the authorities Plaintiffs cite are inapposite.

Second, Plaintiffs claim their choice of venue is entitled to deference because, under 28 U.S.C. § 1400(b), Plaintiffs could only sue CAA USA for patent infringement in this District or

---

Plaintiffs (or their affiliates) have, nor do they establish that litigation in the Southern District of Florida, rather than this District, would be unduly burdensome.

[8] *See Dattner v. ConAgra Foods, Inc.*, 91 F. App'x 179 (2d Cir. 2004) (summary affirmance of dismissal in favor of venue in France); *Peregrine Myanmar Ltd. v. Segal*, 89 F.3d 41 (2d Cir. 1996) (affirmance of denial of motion to dismiss in favor of venue in Hong Kong); *Varnelo v. Eastwind Transp., Ltd.*, No. 02 Civ. 2084 (KMW) (AJP), 2003 WL 230741 (S.D.N.Y. Feb. 3, 2003) (magistrate's report and recommendation recommending dismissal in favor of venue in Russia).

the Southern District of Florida. (ECF No. 57 at 7–8.) This fact is irrelevant. Plaintiffs could only sue CAA USA in this District or the Southern District of Florida even if this action were governed exclusively by 28 U.S.C. § 1391(b), and, in any event, no special rule applies when a plaintiff cannot properly sue a defendant in the plaintiff's home district. Indeed, the rule stated by this Court in *Jackson*—that a plaintiff's choice of forum is usually entitled to considerable weight, but is only assigned "slight weight" when the chosen forum is not the plaintiff's "home"—presumes that the plaintiff will not necessarily be able to sue the defendant in the plaintiff's home district.

Third, Plaintiffs claim that this is their de facto home forum. (ECF No. 57 at 8.) It is not. Command Arms' home forum is the Eastern District of Pennsylvania. CAA Israel's home forum is in Israel. To the extent the Oz brothers have a de facto home forum, it is in South Florida, where they and their affiliates are plaintiffs in two federal actions and two state actions[9] and defendants in an additional federal action and state action, and where CAA USA, *a company of which they own 49 percent*, is located. (ECF No. 55 at 2–3, 5.)

Fourth, Plaintiffs' self-serving claim that they chose this District for "legitimate reasons" (ECF No. 57 at 8) is both (i) flatly contradicted by the fact that all other litigation involving these parties and their affiliates—including all litigation commenced at the direction of Moshe Oz—has been filed in the Southern District of Florida or a state court within the boundaries of that district and (ii) also irrelevant. The cases Plaintiffs cite for the proposition that their choice of forum is entitled to deference in the absence of forum shopping or the pursuit of tactical

---

[9] In its opening brief, CAA USA noted that Moshe Oz and one of his corporate affiliates, Modern Global International Company Ltd., had filed two suits in the Southern District of Florida, then dismissed each without prejudice after failing to properly plead the citizenship of the defendant. (ECF No. 55 at 2–3 & n.5.) Through Plaintiffs' affiliates, Oz has refiled those actions in the Seventeenth Judicial Circuit Court in and for Broward County, Florida. (ECF Nos. 57-3, 57-4.)

10

GUNSTER, YOAKLEY & STEWART, P.A.

advantage—both of which are established in any event by Plaintiffs' filing of this action in this District and all other actions in the Southern District of Florida in a transparent effort to inconvenience CAA USA and multiply its costs—ultimately rely upon *Iragorri v. United Technologies Corp.*, 274 F.3d 65 (2d Cir. 2010).[10] *Iragorri* concerns a motion to dismiss in favor of a foreign jurisdiction under the doctrine of *forum non conveniens*, not a motion to transfer pursuant to 28 U.S.C. § 1404(a), *id.* at 70–71, and, for the reasons stated above, Plaintiffs are not entitled to the deference afforded a plaintiff opposing a motion to dismiss and facing the loss of its federal forum.

Fifth, Plaintiffs claim their choice of this District is entitled to deference because Command Arms is a Pennsylvania limited liability company, and Pennsylvania is close to New York. (ECF No. 57 at 8–9.) This Court has rejected Plaintiffs' argument. *See Jackson*, 2015 WL 1004299, at *2 (no deference where resident of neighboring Eastern District of New York selected this District as venue). In any event, even if Plaintiffs were correct that a court should defer to a plaintiff's choice of a district near the district in which the plaintiff's corporate headquarters are located, that is not this case.[11] CAA Israel is headquartered in Israel (ECF No. 1 ¶ 4), and Command Arms is a non-operating shell company. (ECF No. 41 (Tiraturian Dec.)

---

[10] *See Mirror Worlds Techs., LLC v. Facebook, Inc.*, No. 17-CV-3473, 2017 WL 5634127, at (S.D.N.Y. Nov. 20, 2017) (citing *Iragorri*, 274 F.3d at 71–72); *Medisim Ltd. v. BestMed LLC*, No. 10 Civ. 2463 (SAS), 2010 WL 2697073, at *2 (S.D.N.Y. July 7, 2010) (citing *Caville v. Malibu Toys, Inc.*, No. 03 Civ 9727 (SAS), 2004 WL 1516799, at *2 (S.D.N.Y. July 7, 2004) (citing *Iragorri*, 274 F.3d at 72)).

[11] The case Plaintiffs cite for this proposition, *John Wiley & Sons, Inc. v. Swancoat*, No. 08 Civ 5672 (JGK), 2009 WL 2486048, at *3 (S.D.N.Y. Aug. 14, 2009), is also distinguishable on the grounds that that action could not have been commenced in the proposed transferee district. Thus, the plaintiff—unlike CAA USA—could not meet the "threshold" requirement for a motion to transfer pursuant to 28 U.S.C. § 1404(a). *See Jackson*, 2015 WL 1004299, at *2 (plaintiff must first show "'action could have been brought in the [proposed] transferee forum.'"). In view of this failure, the portion of the court's opinion addressing the deference shown to the plaintiff's choice of forum is not only inconsistent with this Court's holding in *Jackson* but also mere dicta.

¶ 33.) Plaintiffs do not allege Command Arms even has a "place of business," let alone a corporate headquarters. They allege only that it has "an address" in Tullytown, Pennsylvania. (*Compare* ECF No. 1 ¶¶ 4, 6 (alleging "places of business" of CAA Israel and CAA USA) *with* ECF No. 1 ¶ 5 (alleging "address" of Command Arms).) Plaintiffs' argument thus fails on its own terms.

Finally, Plaintiffs claim their choice of this District is entitled to deference because CAA USA is allegedly committing acts of patent infringement in this District. (ECF No. 57 at 9.) That is not the law. As this Court has explained, Plaintiffs' choice of forum is "accorded diminished weight where, as here, there appears no material connection between plaintiff's chosen forum and the events giving rise to the action," *Carrie Forbes, Inc. v. Gap, Inc.*, No. 94 CIV. 5337 (LLS), 1994 WL 693554, at *2 (S.D.N.Y. Dec. 9, 1994), and "'the operative facts occurred largely outside the forum where the case was filed.'" *Baytree Capital Assocs., LLC v. Quan*, No. 08 CIV. 1602 (LLS), 2008 WL 11322599, at *5 (S.D.N.Y. May 1, 2008) (citation omitted). In other words, the plaintiff's choice of forum is not entitled to deference when "nearly all of the significant actions involved in th[e] case took place outside New York." *Firestone*, 722 F. Supp. at 1030. That is indisputably the case here. Plaintiffs freely concede that CAA USA "does not operate in New York and never has" (ECF No. 57 (Plaintiffs' Br.) at 3), and CAA USA's sales in this District are minimal. (ECF No. 56 (Tiraturian Dec.) ¶ 9.) To the extent they occurred at all, the significant actions in this case occurred in the Southern District of Florida, and that is where this case ought to be litigated.

VII. **EFFICIENCY FAVORS TRANSFER TO THE SOUTHERN DISTRICT OF FLORIDA.**

Incredibly, Plaintiffs claim that the interests of "trial efficiency" are served by litigating this action in this District and litigating the other six actions among Plaintiffs, CAA USA, and

12

GUNSTER, YOAKLEY & STEWART, P.A.

their respective affiliates in the Southern District of Florida and the Florida state courts within its boundaries. (ECF No. 57 at 23–24.) That is plainly nonsense. The seven actions identified in this brief and in CAA USA's initial memorandum are all facets of a single shareholder dispute that erupted into litigation after Moshe Oz failed to raise the funds required to close a deal that would have resolved all disputes among the parties and their affiliates. (ECF No. 41 (Tiraturian Dec.) ¶ 23; ECF No. 59 (Tiraturian Dec.) ¶ 7.) The underlying issues are related, and the witnesses in each action are likely to be the same.[12] (ECF No. 59 (Tiraturian Dec.) ¶ 7.) Coordination of these actions—for the benefit of the parties, non-party witnesses, and the courts to which these cases are assigned—would be frustrated by Plaintiffs' insistence on litigating this action in this District instead of in Florida with the other six actions. The benefits of such coordination easily outweigh the slight burden that would fall upon Plaintiffs and CAA USA alike if they were to choose to update their pending briefing with additional citations to authorities from within the Eleventh Circuit.[13]

## **CONCLUSION**

Plaintiffs' opposition to this motion offers little in response to CAA USA's clear showing that the balance of the convenience factors and the interests of justice favor transfer. This case has nothing to do with this District. It belongs in the Southern District of Florida.

---

[12] For example, non-party Evrold Henry figures to be a witness in both this case and in Plaintiffs' affiliates' cases in Florida state court, as he appears to have signed the loan agreements Plaintiffs' affiliates are suing upon. (ECF No. 57-3 at 11; ECF No. 57-4 at 11.)

[13] Plaintiffs claim they would need to "re-plead this action" in the event of a transfer. CAA USA has identified numerous deficiencies in Plaintiffs' complaint (*see generally* ECF No. 37), but it is unclear why Plaintiffs feel they cannot stand on their complaint as pleaded in the event of a transfer to the Southern District of Florida.

Dated: October 15, 2019

Respectfully submitted,

GUNSTER, YOAKLEY & STEWART, P.A.
Attorneys for Defendant ME Technology, Inc., d/b/a CAA USA

By: *s/ William K. Hill*
William K. Hill
Florida Bar No. 747180
Timothy J. McGinn
Florida Bar No. 1000377
600 Brickell Avenue, Suite 3500
Miami, Florida 33131
305-376-6000 fax 6010
whill@gunster.com
tmcginn@gunster.com